A94A1232. RANDOLPH COUNTY HOSPITAL AUTHORITY
v. JOHNSON.
(450 SE2d 318)

RUFFIN, Judge.

This appeal arises from the denial of Randolph County Hospital Authority's ("hospital authority") motion for summary judgment based on sovereign immunity in a wrongful death action. The trial court held that Art. I, Sec. II, Par. IX of the 1983 Constitution of Georgia does not extend sovereign immunity to a hospital authority because the phrase "the state and all of its departments and agencies," contained in that provision, does not include state, county, or city authorities; and the contrary decision of this court in *Hosp. Auth. of Fulton County v. Litterilla*, 199 Ga. App. 345 (404 SE2d 796) (1991), conflicts with the holdings of the Supreme Court in *McLucas v. State Bridge Bldg. Auth.*, 210 Ga. 1, 6 (77 SE2d 531) (1953) and *Cox Enterprises v. Carroll City/County Hosp. Auth.*, 247 Ga. 39, 45 (273 SE2d 841) (1981).

On February 2, 1994, this court granted the hospital authority's application for interlocutory appeal to consider whether the trial court's judgment conflicted with prior decisions of this court. This appeal was docketed on February 24, 1994. The sole enumeration of error on appeal is that the trial court erred in finding as a matter of law that the hospital authority was not entitled to sovereign immunity under the Georgia Constitution. Four days following the docketing of the appeal, the Supreme Court issued its decision in *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (1) (440 SE2d 195) (1994), addressing the conflicts created by *Litterilla*.

*Thomas* established "that a hospital authority is not only not the state or a part of the state, it is also not the county or a part of the county. In reaching its determination that a hospital authority is entitled to the protection of sovereign immunity, the Court of Appeals in *Litterilla* relied on the language of OCGA § 31-7-75 which characterizes the activities of a hospital authority as 'essential governmental functions,' but such reliance is misplaced. Since a hospital authority, though an instrumentality of government, is not, in any sense, an agency or department of the state, the nature of its function is irrelevant; it is not, by the language of the statute, entitled to the protection of sovereign immunity." *Thomas*, supra at 42. Accordingly, *Thomas* is controlling and the denial of the hospital authority's motion for summary judgment was not erroneous.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 21, 1994.

*Bowles & Bowles, Jesse G. Bowles III,* for appellant.

*Andrew Scherffius III, Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., Langley & Lee, C. Richard Langley, Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Tisinger, Tisinger, Vance & Greer, Kevin B. Buice,* for appellee.